Okey, J.
The statutory provision relating to appeals from the probate court, in force at the time these proceedings were had, was passed in 1871 (68 Ohio L. 57), as appears in the statement of the case. The provision, it will be seen, authorized an appeal from that court to the court ■of common pleas “ from any order, decision, or decree made under ‘ an act regulating the mode of administering assignments in trust for the benefit of creditors/ ... by any *285 person against whom such order, decision, or decree shall be made, or who may he affected thereby.” The fourteenth section of the assignment law of 1859 (1 S. & C. 712), in force-in 1871, did not authorize the creditors to select an assignee.. That, as appears in the statement of the case, was provided for in 1874, by an amendment of the section. 71 Ohio L. 74. But this in no manner affects the rights of the parties. The amendment did not leave the assignment law of 1859 without a fourteenth section. The section retained its place in the act in its amended form, and the above mentioned act of 1871, relating to appeals, applied as well to-the act as amended in 1874 as to the original act. McKibben v. Lester, 9 Ohio St. 627 ; Job v. Harlan, 13 Ohio St. 485; Bowers v. Pomeroy, 21 Ohio St. 184; Taylor v. Thorn, 29 Ohio St. 569.
The question for our consideration, then, is whether the-probate court's approval of Brigel as assignee, in place-of Starbuck and Pfau, was an appealable order. The language of the statute, “ any order, decision, or decree,” taken literally, would embrace this order. Nor can it be-doubted that where the words of a statute are perfectly • clear, they are to be adhered to, notwithstanding the consequences are such as the legislature had not contemplated,, and such as might occasion some inconvenience. In such case there is nothing to construe. But where strict adherence-to the mere letter of a remedial statute will manifestly lead to-serious inconvenience, interruption, and delay in the settlement- of an estate, we may sometimes depart from it; and we are always justified in looking to the whole statute to-ascertain in what sense the words were used.
There can be no doubt that general words in a statute-will sometimes be limited in their application. Thus, although the statute to prevent frauds declares that fraudulent conveyances “ shall be deemed utterly void and of no-effect,” yet they are held to be valid except as to creditors- and purchasers. Burgett v. Burgett, 1 Ohio, 469. The word “ void” in a statute is, indeed, frequently construed to mean voidable. Terrill v. Auchauer, 14 Ohio St. 80. The word. “ all ” in an act is to be construed in a general or universal'. *286 ■sense, according to the demands of sound reason. Stone v. Elliottt, 11 Ohio St. 252. Words, however broad, must be ■construed in view of the territorial limit to the powers of the legislature. Woodward v. Michigan, etc., It. Co., 10 Ohio St. 121. And it is a general rule that “ all words, whether they be in deeds or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the matter or person.” Steamboat Messenger v. Pressler, 13 Ohio St. 255 ; Tracy v. Card, 2 Ohio St. 431; Maxwell on Stats. 54.
Broad as the language, “ any order, decision, or decree,” is, this court, on careful consideration, held that it did not Embrace an order setting aside or refusing to confirm a sale made by such assignee. Aultman v. Seiberling, 31 Ohio St. 201. The court pertinently remarked, in that case, that the provision “ can not apply to decisions and orders granting continuances, or further time to assignees, or to executors .and administrators, or to decisions made during the progress ■of a trial; nor to granting authority, under the assignment law, to sell at private sale, nor to the fixing of the time within which such sale might be made ;” and it was said that to allow “ appeals from the refusal of the court to confirm sales, would be to impede unreasonably the settlement -of the assignment.” This is opposed to the view taken in New Jersey and some other states (Conover v. Walling, 2 McCarter, 167), as to the rights of such purchaser, but it is in accordance with the course of legislation and decision in this state.
It is said that if it be admitted that the order is not appealable unless it is in its nature final, still the decision in ■question is such final order, as it “ determines and disposes ■of the whole merits of ... a branch of the cause which is separate and distinct from the other parts of the ■ case.” Teaff v. Hewitt, 1 Ohio St. 511-520. There the •court was speaking of appeals under the 55th section of the chancery practice act of 1831 (3 Chase, 1702), and the ■ decisions under provisions of that character would prob..ably not be strictly applicable here. But if their entire ap *287 plicability be conceded, they will be found to defeat rather than support this appeal; for, under the first section of the act of 1852 (3 Curwen, 1725), corresponding with section 55 of the chancery practice act, it was held that an order appointing a receiver to receive the revenues of a railroad, and bring the same into court subject to its order, was n )t a final order from which an appeal could be taken. Eaton & H. R. R. Co. v. Varnum, 10 Ohio St. 622.
An examination of our legislation and decisions shows that it has been the general policy in this state not to permit an appeal from an order appointing or removing a trustee, and that this extends to guardians, executors, and administrators. In some states the rule is different. 1 Green’s Ch. 78; 1 McCarter, 540; 25 N. J. Eq. 508; 3 C. E. Green, 472 ; 1 Williams’ Ex. (6th Am. ed.) 642. The exception as to an appeal from the appointment of a guardian for a lunatic or an idiot, made, doubtless, by reason of the gravity of the proceeding and its effect upon the person, estate, and family of the ward, tends to prove the general rule in this ■state, and would seem to require that those who assert other exceptions should be able to point out some provision in terms warranting the appeal.
It is, indeed, a recognized principle that general words in a ■statute granting appeals will, ordinarly, not be extended to matters resting in the discretion of the court, or to judgments, orders, or decrees of an interlocutory character. To render the decision of orders of that sort appealable, express provision must be made, or words must be employed from which it is reasonably certain that such was the intention. As expressed in Juan v. Ingoldsby, 6 California, 439, “ appeals from interlocutory orders are the creation of statute, and •can not be extended by implication.” And see 3 Estee’s Pr. 646. We do not think the intention to make the order in •question appealable is to be inferred in this case. The principle is really settled in Aultman v. Seiberling, supra, where it was said: “ In view, therefore, of the nature of an ¡appeal, and of the effect of allowing it in cases like the present, it seems to us that it was not intended to apply to *288 such cases. That an order or decision, to be the subject of appeal, must be definitive * or final in its character.” And we believe that it may be stated as a general rule, that an order to be appealable, must affect property rights, and not merely the administration of the trust. Here there is no-question as to the amount of any creditor’s claim, as to the-order of.liens, as to the property assigned, or as to the costs- and expenses of the assignment; but the sole contention is-as to the persons who shall administer the assignment. An appeal from such an order involves delay, as well as expense, whereas it is the duty of a substituted assignee to proceed immediately to the execution of the trust. We do not think the original assignees had such interest 'in this trust as to-entitle them to litigate the question of their displacement by an appeal to the court of common pleas, nor do we think any creditor could litigate the question in that form. The-analogy between such a trust and a public office is slight.
An examination of other clauses of the section under consideration, leads to the same conclusion. Thus, “ appeals may be taken from any order, decision, or decree-.of the probate court ... in proceedings for the sale of real estate for the payment of debts.” Could an appeal be taken from an order substituting one appraiser for another in such case ? It will not be claimed that this could be done, and yet the order would be embraced by the-general language of the section. Other reasons might be-given why the general words of the section ought to be-limited in their application, but let these suffice. Whether,, in such cases, there is any remedy by proceeding in error,, or otherwise, we need not determine.
Judgment of the district court reversed, and judgment of the court of common pleas, dismissing the appeal,, affirmed.

 Erroneously printed definite. 31 Ohio St. 205.